﻿Citation Nr: AXXXXXXXX
Decision Date: 05/28/19 Archive Date: 05/28/19

DOCKET NO. 180723-2479
DATE: May 28, 2019

ORDER

Entitlement to a total disability rating based on individual unemployability (TDIU) is granted.

FINDING OF FACT

The Veteran is unable to secure or maintain substantially gainful employment as a result of his service-connected disabilities.

CONCLUSION OF LAW

Resolving reasonable doubt in the Veteran's favor, the criteria for a TDIU have been met. 38 U.S.C. §§ 1155, 5103(a), 5103A, 5107 (2012); 38 C.F.R. §§ 3.159, 3.340, 3.341, 4.1, 4.3, 4.15, 4.16, 4.18, 4.19 (2017).

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. The Board is honoring the Veteran's choice to participate in VA's test program RAMP, the Rapid Appeals Modernization Program

The Veteran served on active duty in the United States Army from January 1985 to April 1987 and from January 1988 to January 1992. The Veteran initially filed a claim of entitlement to a TDIU in August 2016. These claims were most recently adjudicated in the first instance by the AOJ in January 2017.

The Veteran filed timely notices of disagreement with the January 2017 decision. Prior to certification to the Board, the Veteran submitted a RAMP election form, selecting the Higher-Level Review lane. Accordingly, a July 2018 RAMP rating decision considered the evidence of record at the time of the submission of the RAMP election form. The Veteran timely appealed the RAMP rating decision to the Board in July 2018 and requested direct review by the Board. The Board has therefore considered all evidence submitted through July 6, 2018.

1. Entitlement to a TDIU.

The Veteran contends his service-connected disabilities prevent him maintaining substantially gainful employment. After review of the lay and medical evidence of record, the Board finds that entitlement to a TDIU is warranted.

Total disability is considered to exist when there is any impairment which is sufficient to render it impossible for the average person to follow a substantially gainful occupation. Total disability may or may not be permanent. 38 C.F.R.

§ 3.340(a)(1) (2016). Total ratings are authorized for any disability or combination of disabilities for which the Rating Schedule prescribes a 100 percent evaluation. 38 C.F.R. § 3.340(a)(2).

A TDIU may be assigned when the disabled veteran is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. If there is only one such disability, it must be rated at 60 percent or more; if there are two or more disabilities, at least one disability must be rated at 40 percent or more, with sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a). Even when the percentage requirements are not met, entitlement to a total rating, on an extraschedular basis, may nonetheless be granted, in exceptional cases, when the veteran is unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities. 38 C.F.R. §§ 3.321(b), 4.16(b).

Individual unemployability must be determined without regard to any non-service-connected disabilities or a veteran's advancing age. 38 C.F.R. §§ 3.341(a), 4.19, Van Hoose v. Brown, 4 Vet. App. 361 (1993). The sole fact that a veteran is unemployed or has difficulty obtaining employment is not enough. A high rating in itself is recognition that the impairment makes it difficult to obtain or keep employment, but the ultimate question is whether a veteran is capable of performing the physical and mental acts required by employment, not whether a veteran can find employment. Id. at 361. When reasonable doubt arises as to the degree of disability, such doubt will be resolved in a veteran's favor. 38 C.F.R. 

§ 4.3.

In Faust v. West, 13 Vet. App. 342 (2000), the Court defined "substantially gainful employment" as an occupation that provides an annual income that exceeds the poverty threshold for one person, irrespective of the number of hours or days that a veteran actually works and without regard to a veteran's earned annual income. In Hatlestad v. Derwinski, 5 Vet. App. 524, 529 (1993), the Court held that the central inquiry in determining whether a veteran is entitled to TDIU is whether a veteran's service-connected disabilities alone are of sufficient severity to produce unemployability. The determination as to whether a total disability is appropriate should not be based solely upon demonstrated difficulty in obtaining employment in one particular field, which could also potentially be due to external bases such as economic factors, but rather to all reasonably available sources of employment under the circumstances. See Ferraro v. Derwinski, 1 Vet. App. 326, 331-332 (1991).

In evaluating a veteran's employability, consideration may be given to the level of education, special training, and previous work experience in arriving at a conclusion, but not to age or impairment caused by non-service-connected disabilities. 38 C.F.R. §§ 3.341, 4.16, 4.19. Marginal employment is not considered substantially gainful employment and generally is deemed to exist when a veteran's earned income does not exceed the amount established by the U.S. Department of Commerce, Bureau of the Census, as the poverty threshold for one person. Marginal employment may also be held to exist in certain cases when earned annual income exceeds the poverty threshold on a facts-found basis. Consideration shall be given in all claims to the nature of the employment and the reason for termination. 38 C.F.R. § 4.16(a). Marginal employment, odd-job employment, and employment at half the usual remuneration is not incompatible with a determination of unemployability if the restriction to securing or retaining better employment is due to disability. See 38 C.F.R. § 4.17(a) (2017).

The Veteran contends that he is unable to secure or maintain employment due to his service connected disabilities. The Veteran is currently service-connected for major depressive, anxiety disorder not otherwise specified, evaluated at 70 percent disabling, degenerative joint disease, cervical spine, evaluated at 20 percent, residuals, left ankle repair, evaluated at 10 percent, right ankle instability, evaluated at 10 percent, degenerative joint disease, thoracic spine, evaluated at 10 percent, hemorrhoids, evaluated at 0 percent, left inguinal hernia, evaluated at 0 percent, umbilical hernia, evaluated at 0 percent, and a left ankle scar, evaluated at 0 percent. The Veterans combined rating is 80 percent; thus, the Veteran meets the schedular requirements for a TDIU rating under 38 C.F.R. § 4.16(a).

In November 2016, the Veteran underwent a VA examination to determine the severity of his service-connected ankle disabilities. He reported he could only walk about 300 yards before the left ankle felt unstable. The Veteran further reported wearing an ankle brace if he was going to walk on uneven surfaces.

In November 2016, the Veteran also underwent an examination for the service-connected neck disability. He reported flare-ups in the neck brought on by activity and that during a flare-up he had a hard time rotating his neck to look behind him. The Veteran also reported “stingers” in the left side of the neck manifested by stinging pain if he turned his head the wrong way or sneezes.

Finally, in November 2016, the Veteran underwent a private mental health and employability assessment. He reported being uncomfortable leaving his home and that he experienced daily panic attacks. The Veteran remained on Lorazepam to address anxiety. The private examiner opined that the Veteran met the criteria for a TDIU.

In a March 2017, the Veteran submitted a statement in support of the claim. He indicated that the medications he took for his service-connected major depressive disorder caused short-term memory loss and made his work unreliable. The Veteran further reported constant panic attacks.

On a March 2017 Notice of Disagreement, the Veteran indicated that he was given assistance when obtaining his education such as, note takers, video recording classes, taking his tests in isolation, and he was provided with additional time to complete classes. The Veteran again indicated he experienced almost constant panic attacks and low intra-personal skills that affect his ability to maintain substantially gainful employment.

VA treatment records throughout the appeal period are consistent with the other lay and medical evidence of record. Specifically, the Veteran continued ot seek mental health treatment and report panic attacks, as well as, musculoskeletal pain in the service-connected neck and thoracic spine.

The Board finds that the Veteran is unable to secure or follow a substantially gainful occupation as a result of his combined service-connected disabilities. Specifically, reviewing the evidence above reflects that the Veteran was employed on an “as needed” basis in a warehouse from July 2015 to August 2015. The Veteran has indicated that other than this period of employment he has not been gainfully employed since 2004. The Veteran holds degrees in mechanical engineering and supply chain logistics.

The medical evidence of record supports a finding that the Veteran's major depressive disorder alone would severely impact his ability to maintain substantially gainful employment. Specifically, the record documents the constant panic attacks the Veteran has reported, as well as, the medications he is prescribed for the disability. The Veteran has reported that his medications cause short-term memory problems and make his work unreliable.

However, in addition to the Veteran's major depressive disorder, the Veteran has, degenerative joint disease, cervical spine, residuals, left ankle repair, right ankle instability, degenerative joint disease, thoracic spine, hemorrhoids, left inguinal hernia, umbilical hernia, and a left ankle scar that further preclude him from maintaining gainful employment. The Veteran has reported only being able to walk 300 yards because of his service-connected ankle disability and stingers that result when he turns his neck. Further, the VA examiners have indicated that the Veteran’s service-connected ankle and neck disability impact the Veteran’s ability to maintain substantially gainful employment. 

The Board also notes the Veteran’s high level of education, but finds that the record supports a finding that with the Veteran’s severe mental health symptoms and physical limitations, even maintaining sedentary employment is not feasible.

(Continued on the next page)

 

Considering the entire record in light of the above, and resolving all reasonable doubt in the Veteran's favor, the Board finds that the evidence supports the assignment of a total disability evaluation based on individual unemployability due to service-connected disabilities. 38 C.F.R. § 4.16(a).

 

H. SEESEL

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD C. Teague, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.